UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWIN    ALEXANDER    GARCIA-SALVATIERRA, <br><br> Petitioner, <br><br> v. <br><br> SAMUEL OLSON Chicago Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, *et al.*, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:26-cv-00278-JRS-TAB |

**ORDER DIRECTING PARTIES TO EXPAND THE RECORD**

Noncitizen Edwin Alexander Garcia-Salvatierra is detained at the Clinton County Jail at the direction of U.S. Immigration and Customs Enforcement (ICE). Mr. Garcia-Salvatierra seeks a writ of habeas corpus compelling his immediate release from detention. The evidentiary record the parties have developed leaves potentially material factual issues unresolved. Therefore, pursuant to Rule 7 of the *Rules Governing § 2254 Cases*, the Court directs the parties to expand the record.

## I. Facts

Mr. Garcia-Salvatierra entered the United States in approximately 2005. He did not enter through a port of entry or otherwise present himself for inspection by immigration officials. Dkt. 1 ¶ 40.

In 2012, ICE officers arrested Mr. Garcia-Salvatierra and initiated removal proceedings. Dkt. 6-1 at 2. On November 5, 2013, an immigration judge ordered that Mr. Garcia-Salvatierra may voluntarily remove himself from the United States within four months. *Id.* at 8. The parties

agree, however, that Mr. Garcia-Salvatierra never left the country and that he is now subject to a final removal order. Dkt. 6 at 1; dkt. 7 at 1, 4.

In 2020, Mr. Garcia-Salvatierra petitioned for a visa under 8 U.S.C. § 1101(a)(15)(U)—commonly referred to as a U visa. Dkt. 1-10 at 1. A U visa is available to an individual who, after entering the United States unlawfully, has become a victim of a serious crime and assisted the government in investigating or prosecuting the crime. A U visa holder obtains lawful status to remain in the United States for a specified period, up to four years, and that period may be extended. 8 U.S.C. § 1184(p)(6).

The government may only issue up to 10,000 U visas per year. 8 U.S.C. § 1184(p)(2)(A). Therefore, when U.S. Citizenship and Immigration Services (USCIS) determines that a U visa petitioner meets all requirements, it approves the application and places the petitioner on a waiting list. 8 C.F.R. § 214.14(c)(5)(i), (d)(2). "USCIS will grant deferred action or parole" to petitioners and qualifying family members while they remain on the waiting list. *Id.* at § 214.14(d)(2). USCIS may revoke an approved U visa petition after issuing the petitioner notice and affording certain procedural rights. *Id.* at § 214.14(h).

In August 2024, Mr. Garcia-Salvatierra received notice that his U visa petition was approved and that he was placed on the waiting list. Dkt. 1-10 at 1. He was granted deferred action. Dkt. 6-2 at 1. No document in the record specifies the duration of the term of deferred action.

On June 11, 2025, Mr. Garcia-Salvatierra was arrested and charged following an incident of suspected domestic violence. Dkt. 1-11 at 2. He was granted and then paid a $1,000 cash bond on June 18. *Id.* at 4. However, Mr. Garcia-Salvatierra was not released; he remained detained at the Marion County Jail on behalf of another agency. *Id.* The state court criminal records do not, however, specify what agency directed that Mr. Garcia-Salvatierra remain detained.

2

The state dismissed its charges against Mr. Garcia-Salvatierra on January 21, 2026. *Id.* at 8. The following day, the Marion County Sheriff handed Mr. Garcia-Salvatierra over to ICE pursuant to a detainer. Dkt. 6-1 at 2. No evidence in the record tells when ICE's detainer was issued or whether it caused Mr. Garcia-Salvatierra to remain detained in the intervening period between the granting of the bond and the turning over to Ice pursuant to an ICE detainer.

Mr. Garcia-Salvatierra has been detained by ICE at numerous facilities since January 21 and is currently at the Clinton County Jail. Dkt. 1 ¶¶ 47–49.

On February 3, USCIS issued a "Notice of Intent to Deny." Dkt. 6-2. This document states that "[a]dditional evidence is required to continue the processing of" Mr. Garcia-Salvatierra's U visa petition. *Id.* at 1. The notice directs Mr. Garcia-Salvatierra to respond to certain inquiries by March 8 or face potential denial of his petition. *Id.* at 2. The notice does not purport to revoke Mr. Garcia-Salvatierra's deferred action. The parties have not supplemented the record since March 8 with any information regarding whether USCIS revoked Mr. Garcia-Salvatierra's deferred action as it stated it would in the February 3 notice.

## II. Legal Issues

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Garcia-Salvatierra contends that he cannot be lawfully detained due to his deferred action status. The respondents answer that the government is authorized to detain Mr. Garcia-Salvatierra for the purpose of executing his removal order.

### A.     Jurisdictional Defenses: 8 U.S.C. § 1252

Most broadly, the respondents ask the Court to deny Mr. Garcia-Salvatierra's petition because it lacks jurisdiction to review a final removal order or any decision or action to challenge

3

a removal order. Dkt. 6 at 5 (citing 8 U.S.C. §§ 1252(a)(1), 1252(b)(9), 1252(g)). But Mr. Garcia-Salvatierra concedes for purposes of this case that his removal order is valid. Dkt. 7 at 1. He expressly asks this Court to limit its attention to the question of whether the government may detain him as it waits to execute that order. The Supreme Court has held that district courts may confront precisely this question in a habeas corpus action. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Therefore, the respondents' jurisdictional arguments do not resolve the case.

**B.    8 U.S.C. § 1231(a)**

The parties agree that any authority to detain Mr. Garcia-Salvatierra must come from 8 U.S.C. § 1231, which authorizes detention of certain noncitizens subject to final removal orders. The statute applies two detention schemes—one compulsory and one discretionary—to two distinct time periods.

Section 1231(a)(1) establishes a 90-day "removal period." For purposes of this case, the removal period begins when the noncitizen's removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Section 1231(a)(1)(A) directs that "the Attorney General shall remove" a noncitizen who has been ordered removed during the 90-day removal period. To facilitate that removal, § 1231(a)(2)(A) directs that the Attorney General "shall detain" the noncitizen during the removal period. If the Attorney General does not remove the noncitizen within the 90-day removal period, the noncitizen "*may* be detained beyond the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added).

Mr. Garcia-Salvatierra has been subject to a final removal order for much longer than 90 days, and no party argues that he is subject to the mandatory detention associated with the 90-day removal period. *See* § 1231(a)(1)–(2). Therefore, his detention may only be authorized by § 1231(a)(6).

## C.    *Zadvydas*

At face value, the text of § 1231(a)(6) authorizes the government to detain noncitizens who are subject to removal orders in perpetuity. But a "statute permitting indefinite detention of an alien," the Supreme Court wrote in *Zadvydas*, "would raise a serious constitutional problem." 533 U.S. at 690. This is because civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

The *Zadvydas* Court reconciled § 1231(a)(6) with the Fifth Amendment by interpreting § 1231(a)(6) as containing an implicit, constitutional limit on post-removal period detention authority. The statute grants the Attorney General authority to detain aliens for the express purpose of facilitating their removal. 533 U.S. at 697. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

## D.    Mr. Garcia-Salvatierra's Detention

To determine whether Mr. Garcia-Salvatierra's continued detention is lawful under § 1231(a)(6) and *Zadvydas*, the Court must determine whether there is a significant likelihood that he will be removed in the reasonably foreseeable future. This analysis also requires the Court to

5

determine whether Mr. Garcia-Salvatierra is still on deferred action status and how long he has been detained at ICE's direction. The current record does not allow the Court to answer these questions.

The respondents contend that Mr. Garcia-Salvatierra's detention is presumptively reasonable because he has only been in ICE custody since January. Dkt. 6 at 8. Mr. Garcia-Salvatierra asserts that he remained in custody even after posting bond because of ICE's detainer. Dkt. 7 at 2. The current record tells only that Mr. Garcia-Salvatierra posted bond in June 2025; that he remained at the Marion County Jail at the behest of another agency; that ICE placed a detainer on Mr. Garcia-Salvatierra at an unspecified time; and that ICE received physical custody of Mr. Garcia-Salvatierra in January 2026, the day after the state charges were dropped against him and pursuant to an ICE detainer. The record does not tell when ICE placed its detainer or what agency caused Mr. Garcia-Salvatierra to remain in detention after posting bail.

Regardless of the duration of Mr. Garcia-Salvatierra's detention, the Court also must determine whether his removal is significantly likely to occur in the reasonably foreseeable future. On that point, Mr. Garcia-Salvatierra's deferred action status is material, as he contends he cannot be lawfully removed while his deferred action status is active. Dkt. 1 ¶¶ 33–39. Indeed, the respondents acknowledge that a final removal order is "non-executable" when the subject has an active deferred action status. Dkt. 6 at 6. But the record does not indicate when Mr. Garcia-Salvatierra's term of deferred action was originally set to expire; whether USCIS has followed through on its stated intention to revoke Mr. Garcia-Salvatierra's deferred action status; or whether that revocation was lawful.

"If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), *Rules Governing § 2254 Cases*;

6

Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition" not brought under § 2254.). Because the Court cannot resolve the dispositive legal questions with the evidence the parties have provided, the Court exercises its discretion and directs the parties to expand the record.

### III. Conclusion

Each party will have **seven days** to supplement the evidentiary record pursuant to Rules 7(a) and (b) with any and all evidence that will allow the Court to determine:

1) when ICE placed its detainer or detainers on Mr. Garcia-Salvatierra;

2) whether ICE's detainer caused Mr. Garcia-Salvatierra to remain in custody after posting bond in his criminal case;

3) when Mr. Garcia-Salvatierra's term of deferred action was set to expire; and

4) what, if any, action USCIS has taken to revoke Mr. Garcia-Salvatierra's deferred action status.

Each party must include a supplemental brief identifying each piece of newly submitted evidence and concisely stating the factual conclusions that the evidence supports. Pursuant to Rule 7(c), each party will then have **seven days** to file a response to its opponent's submissions.

If any party believes discovery is necessary to answer the questions identified above, it will have **seven days** from this order to file an appropriate motion under Rule 6 of the *Rules Governing § 2254 Cases*.

**IT IS SO ORDERED.**

Date: 3/25/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

Ricardo Simmonds
Lighthouse Legal LLC
ricardo@lighthouseindy.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov