UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWIN ALEXANDER GARCIA-SALVATIERRA, | ) ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00278-JRS-TAB |
| | ) | |
| SAMUEL OLSON Chicago Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, *et al.*, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Edwin Alexander Garcia-Salvatierra is detained at the Clinton County Jail at the direction of U.S. Immigration and Customs Enforcement (ICE). Mr. Garcia-Salvatierra seeks a writ of habeas corpus compelling his immediate release from detention. Because the government is authorized to detain Mr. Garcia-Salvatierra only to facilitate his removal, and because the expanded record demonstrates that his removal is not significantly likely to occur in the reasonably foreseeable future, the Court grants his petition.

**I. Facts**

Mr. Garcia-Salvatierra entered the United States in approximately 2005. He did not enter through a port of entry or otherwise present himself for inspection by immigration officials. Dkt. 1 ¶ 40.

In 2012, ICE officers arrested Mr. Garcia-Salvatierra and initiated removal proceedings. Dkt. 6-1 at 2. On November 5, 2013, an immigration judge ordered that Mr. Garcia-Salvatierra may voluntarily remove himself from the United States within four months. *Id.* at 8. The parties

agree, however, that Mr. Garcia-Salvatierra never left the country and that he is now subject to a final removal order. Dkt. 6 at 1; dkt. 7 at 1, 4.

In 2020, Mr. Garcia-Salvatierra petitioned for a visa under 8 U.S.C. § 1101(a)(15)(U)—commonly referred to as a U visa.[1] Dkt. 1-10 at 1. In August 2024, Mr. Garcia-Salvatierra received notice that his U visa petition was approved and that he was placed on the waiting list. Dkt. 1-10 at 1. He was granted deferred action through August 2028. Dkt. 6-2 at 1.

On June 11, 2025, Mr. Garcia-Salvatierra was arrested and charged following an incident of suspected domestic violence. Dkt. 1-11 at 2. That day ICE issued a detainer to the Marion County Jail based on Mr. Garcia-Salvatierra's final removal order. Dkt. 9-1. The detainer directed the Jail's staff to notify ICE in advance of Mr. Garcia-Salvatierra's expected release and detain him for up to 48 additional hours to facilitate his transfer to ICE custody. *Id.*

The state court granted him release pursuant to a $1,000 cash bond on June 18. Dkt. 1-11 at 4. However, Mr. Garcia-Salvatierra learned of the ICE detainer and, knowing he would be immediately transferred to ICE custody, decided not to pay the $1,000 bond. Dkt. 10-1 at 3. He therefore remained detained in Marion County.

The state dismissed its charges against Mr. Garcia-Salvatierra on January 21, 2026. *Id.* at 8. The following day, the Marion County Sheriff handed Mr. Garcia-Salvatierra over to ICE pursuant to the detainer. Dkt. 6-1 at 2. Mr. Garcia-Salvatierra has been detained by ICE at numerous facilities since January 21 and is currently at the Clinton County Jail. Dkt. 1 ¶¶ 47–49.

On February 3, USCIS issued a "Notice of Intent to Deny." Dkt. 6-2. This document stated that "[a]dditional evidence" was "required to continue the processing of" Mr. Garcia-Salvatierra's

---

[1] The Court offered a more thorough discussion of the benefits and application process associated with the U visa program in a previous order. Dkt. 8 at 2.

U visa petition. *Id.* at 1. The notice directed Mr. Garcia-Salvatierra to respond to certain inquiries by March 8 or face potential denial of his petition. *Id.* at 2.

On April 13, the parties jointly notified the Court that USCIS issued a "Decision" notifying Mr. Garcia-Salvatierra that the "grounds of revocation have been overcome." Dkt. 12; dkt. 13-1. Accordingly, Mr. Garcia-Salvatierra remains on the U visa waiting list with deferred action through August 2028.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The parties agree that any authority to detain Mr. Garcia-Salvatierra must come from 8 U.S.C. § 1231, which authorizes detention of certain noncitizens subject to final removal orders.

In its previous order, the Court discussed the government's detention authority under § 1231(a) and the limitations the Supreme Court placed on that authority in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Dkt. 8 at 4–5.[2] The bottom line is this. Because Mr. Garcia-Salvatierra has been subject to a final removal order for more than 90 days, he "*may* be detained" as the government attempts to complete his removal. 8 U.S.C. § 1231(a)(6) (emphasis added). However, under *Zadvydas*, that detention must be for the express purpose of facilitating his removal. 533 U.S. at 697. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if detention "exceeds a period reasonably necessary to secure removal," then continued detention is "no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month

---

[2] In the same order, the Court dismissed jurisdictional defenses raised by the respondents. Dkt. 8 at 3–4.

period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Mr. Garcia-Salvatierra's detention is presumptively reasonable because he has only been in ICE custody since January. However, Mr. Garcia-Salvatierra has provided good reason to believe that there is no likelihood that he will be removed in the reasonably foreseeable future. Specifically, Mr. Garcia-Salvatierra has been granted deferred action based on his U visa application. Indeed, the respondents acknowledge that a final removal order is "non-executable" when the subject has an active deferred action status. Dkt. 6 at 6. This means Mr. Garcia-Salvatierra is not likely to be removed before August 2028, when his deferred action period is set to expire.

This calculus was at least arguably different when USCIS was actively considering revoking Mr. Garcia-Salvatierra's U visa approval and the deferred action that accompanied it. However, only weeks ago, USCIS clarified that Mr. Garcia-Salvatierra has overcome the agency's concerns with his application, his status will not be revoked, and his deferred action remains in effect. The respondents have reinforced, rather than rebutted, Mr. Garcia-Salvatierra's showing that he is not likely to be removed in the reasonably foreseeable future.

"[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700. "In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700. Mr. Garcia-Salvatierra's removal is not reasonably foreseeable, so his detention is no longer authorized by statute, and he must be released

4

from detention pursuant to *Zadvydas* and subject to conditions of supervision authorized by 8 U.S.C. § 1231(a)(3).

### III. Conclusion

Mr. Garcia-Salvatierra's petition for a writ of habeas corpus is **granted**. The respondents must certify **by April 21, 2026**, that he has been released from detention, subject to conditions of supervision authorized by 8 U.S.C. § 1231(a)(3).

**IT IS SO ORDERED.**

Date: _____4/17/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ricardo Simmonds
Lighthouse Legal LLC
ricardo@lighthouseindy.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov